UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY KNAFF,

    Defendant.

Case No. 20-20518

Honorable Nancy G. Edmunds

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [65]**

Defendant Gary Knaff is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution, Loretto. The matter is before the Court on Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 65.) The government opposes the motion. (ECF No. 67.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion without prejudice.

**I.    Background**

On January 18, 2022, Defendant pled guilty to Counts One and Two of the Second Superseding Information in this case, which charged him with possession with intent to distribute more than 40 grams of fentanyl in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 45.) On May 10, 2022, the Court sentenced Defendant to a term of 120 months of imprisonment. (ECF No. 64.) Defendant's projected release date is December 11, 2030. Defendant now moves for a reduction of sentence, raising several arguments—some of which constitute attacks on the validity of his § 924(c) conviction—

he believes are "extraordinary and compelling" reasons warranting a reduction. Defendant also seeks the appointment of counsel.

## II. Request for a Sentence Reduction

Under § 3582(c)(1)(A), a defendant may move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." The Sixth Circuit has held that this exhaustion requirement is mandatory and "must be enforced" when "properly invoked." *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted).

Here, the government states that the BOP has no record of a request for a sentence reduction from Defendant. And Defendant does not contend that he exhausted his administrative remedies prior to the filing of his motion. Thus, Defendant has not satisfied the exhaustion requirement. Because the government objects on this basis, Defendant's motion for compassionate release is denied without prejudice. *See Alam*, 960 F.3d at 836.

But even if Defendant had satisfied the exhaustion requirement and could show "extraordinary and compelling" reasons,[1] the Court would not grant him the relief he seeks. Prior to granting a sentence reduction under § 3582(c)(1)(A), the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are

---

[1] The Court does not reach the question of whether Defendant has presented "extraordinary and compelling" reasons but notes that "habeas is the appropriate place to bring challenges to the lawfulness of a sentence." *See United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (finding that § 3582(c)(1)(A) does not "provide an end run around habeas").

2

applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the underlying offenses are serious, and the Court found the balance of the sentencing factors warrant Defendant's 120-month sentence a little over one year ago. Defendant has served less than 20% of that sentence. Thus, a sentence reduction would not be consistent with the § 3553(a) factors at this early juncture.

### III.     Request for the Appointment of Counsel

Defendant also requests the appointment of counsel to assist with his motion for a sentence reduction. As a general matter, there is no constitutional or statutory right to appointed counsel in § 3582(c) proceedings. *See United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). And the Court does not find this to be an appropriate case in which to exercise its discretion to appoint counsel. Defendant has demonstrated an ability to represent himself, and the Court has before it all the information needed to consider Defendant's motion. Accordingly, Defendant's request for the appointment of counsel is denied.

### IV.     Conclusion

For the foregoing reasons, Defendant's motion is DENIED without prejudice.

SO ORDERED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: August 7, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
