UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY KNAFF,

    Defendant.

_____/

Case No. 20-20518

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE [85]
AND FOR THE APPOINTMENT OF COUNSEL [86]**

Defendant Gary Knaff is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution, Loretto. The matter is before the Court on Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Defendant's motion for the appointment of counsel. (ECF Nos. 85, 86.) For the reasons below, the Court DENIES Defendant's motions.

**I.    Background**

On January 18, 2022, Defendant pled guilty to possession with intent to distribute more than 40 grams of fentanyl in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 45.) On May 10, 2022, the Court sentenced Defendant to a term of 120 months of imprisonment. (ECF No. 64.) Defendant's projected release date is December 11, 2030.

**II.    Motion for a Sentence Reduction**

Under § 3582(c)(2), the Court may modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the

1

factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Eligibility for a reduction under this provision is triggered only by an amendment that lowers the defendant's applicable guideline range that was made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). The amendments that are given retroactive effect are listed in § 1B1.10(d).

Here, Defendant relies on Amendment 817, which expanded applicability of the safety valve guideline. But Amendment 817 is not retroactive. *See* § 1B1.10(d). Thus, it cannot serve as the basis for granting a reduction under § 3582(c)(2).[1] Accordingly, Defendant's motion for a sentence reduction is denied.

### III.    Motion for the Appointment of Counsel

Defendant also requests the appointment of counsel to assist with his motion for a sentence reduction. As a general matter, there is no constitutional or statutory right to appointed counsel in § 3582(c) proceedings. *See United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). And the Court does not find this to be an appropriate case in which to exercise its discretion to appoint counsel. Defendant has demonstrated an ability to represent himself, and as discussed above, he is not entitled to a reduction of sentence pursuant to Amendment 817. Accordingly, Defendant's motion for the appointment of counsel is denied.

---

[1] Because Defendant is not eligible for a reduction, the Court does not consider the sentencing factors set forth in § 3553(a). *See Dillon*, 560 U.S. at 826 ("A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).").

### IV.  Conclusion

For the foregoing reasons, Defendant's motions (85, 86) are DENIED.

SO ORDERED.

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: April 4, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2024, by electronic and/or ordinary mail.

                                                  s/Holly Ryan
                                                  Case Manager